# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| WILFORD ABDON, | ) | |
| | ) | Civil Action Number: |
| | ) | |
| Plaintiff, | ) | FLSA Action |
| | ) | |
| v. | ) | |
| | ) | |
| RAMBO NURSERY, LLC, | ) | |
| RINGGOLD GROWERS, LLC, | ) | |
| Georgia For-Profit Corporations  and | ) | |
| MICHAEL C. DAMPIER, | ) | Jury Trial Demanded |
| an Individual, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff Wilford Abdon ("Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendants Rambo Nursery, LLC ("Rambo"), Ringgold Corporation ("Ringgold") and Michael C. Dampier ("Dampier") and pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant Rambo's, and Defendant Ringgold's and Defendant Dampier's (Collectively "Defendants") violations of Plaintiff's rights under the FLSA, 29 U.S.C. §§ 201, et seq., as amended and

specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff of his lawful overtime wages.

2. This action is brought to recover unpaid overtime compensation owed to Plaintiff, pursuant to the FLSA.

3. During the relevant time period of this complaint from on or about November 6, 2010, thru on or about October 8, 2013, Plaintiff was employed by Defendants, primarily working as an hourly non-exempt maintenance person primarily at Defendant Rambo's 279 Tucker Blvd, Dallas, Paulding County, Georgia 30157 location ("Rambo Location") and at times at Defendant Ringgold's 195 Lovinggood Road, Ringgold, Catoosa County, Georgia 30736 location ("Ringgold Location") and occasionally at Defendant Rambo's Cedar Valley Plant Farm, Cedartown, Polk County, Georgia location (Collectively "Defendants' Locations").

4. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for <u>all</u> hours worked in excess of 40 hours in a given workweek.

5. During the employment of Plaintiff, and for at least three years prior

to the filing of this Complaint, Defendants committed widespread violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given work week.

6. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

8. Venue is proper in the Northern District of Georgia under 28 U.S.C. §1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

9. Plaintiff Wilford Abdon ("Plaintiff") resides in Woodstock, Cherokee County, Georgia (within this District). Plaintiff was employed by Defendants to work as an hourly non-exempt maintenance person at Defendants' Locations from on or about March, 2007, thru on or about October 8, 2013.

10. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e) (1) of the FLSA, and worked for Defendants within the territory of the United States. Plaintiff is further covered by §§ 203, and 207 of the FLSA for the period in which he was employed by Defendants.

11. Defendant Rambo is a corporation formed under the laws of the State of Georgia and operates plant nurseries in Georgia.

12. Upon information and belief, Defendant Rambo owns and or operates Defendant Ringgold and Cedar Valley Plant Farm.

13. Defendant Ringgold is a corporation formed under the laws of the State of Georgia and operates a plant nursery in Georgia.

14. Defendant Michael C. Dampier ("Dampier") is the Vice President and Operations Manager of Defendant Rambo and is a resident of, Cobb County, Georgia.

15. Defendants conduct business within this State and District.

16. Defendants maintained either actual or constructive control, oversight and direction of Defendants' Locations, including the employment and pay and other practices of those operations.

17. Defendant Rambo is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, LC AGENTS, LLC at 2302 Parklake Drive, Suite 100, Atlanta, Georgia 30345.

18. Defendant Ringgold is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent LC AGENTS, LLC at 2302 Parklake Drive, Suite 100, Atlanta, Georgia 30345.

19. At all times material to this action, Defendant Rambo was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

20. At all times material to this action, Defendant Rambo was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

21. At times material to this action, Defendant Ringgold was an enterprise, or was part of an enterprise, engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

22. At times material to this action, Defendant Ringgold was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

23. Upon information and belief, at all times material to this action, Defendant Dampier was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

24. The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendants.

25. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

26. At all times relevant to this action, Plaintiff's primary duty was to function as a Maintenance Person at Defendants' Locations.

27. At all times relevant to this action, Plaintiff was an hourly employee.

28. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

29. At all times relevant to this action, Plaintiff was at times required to work in excess of forty (40) hours a week.

30. At all times relevant to this action, Defendants did not compensate Plaintiff for <u>all</u> time worked in excess of forty (40) hours per week at a rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

31. Plaintiff was required to clock in at the beginning of each of his work shifts.

32. Plaintiff was required to clock out at the end of each of his work shifts.

33. The records, if any, concerning the number of hours actually worked by Plaintiff, and the compensation actually paid to Plaintiff are in the possession of Defendants.

34. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. § 207 or § 213 with respect to Plaintiff.

35. Defendants failed to meet the requirements for paying Plaintiff at a rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

36. Defendants are liable to Plaintiff for compensation for any and <u>all</u> time worked in excess of 40 hours per week at the rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

37. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

38. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

39. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant 29 U.S.C. §216(b), and O.C.G.A. 13-6-11, Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

40. Plaintiff demands a jury trial.

## COUNT I

41. Plaintiff repeats and incorporates by reference paragraphs 1-40 herein.

42. By their actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

43. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay Plaintiff's overtime compensation in an amount at a rate not less than one and one-half times the regular rate at which he was employed.

44. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive an overtime rate not less than one and one-half times the regular rate at which he was employed.

45. Defendants have not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff.

46. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation equal to not less than one and one-half times the regular rate at which he was employed in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 5th day of November, 2013.

          MARTIN & MARTIN, LLP

          By: /s/ Thomas F. Martin
          Thomas F. Martin
          tfmartin@martinandmartinlaw.com
          Georgia Bar No. 482595

          Kimberly N. Martin
          kimberlymartinlaw@gmail.com
          Georgia Bar No. 473410
          MARTIN & MARTIN, LLP
          Post Office Box 1070
          Tucker, Georgia 30085-1070
          (770) 344-7267 / (770) 837–2678 Fax